**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

  **v.**

                                     **18-CR-126W**

**TITUS THOMPSON,**
**DIONES BOWENS,**
**SHANE SHUMAKER,**

                    **Defendants.**
━━━━━━━━━━━━━━━━━━━━━━━

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Elizabeth A. Wolford, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

        The defendant Titus Thompson filed a motion seeking suppression of evidence but failed to submit an affidavit in support of said motion.   Dkt. #64.

        The defendant Shane Shumaker filed a motion seeking suppression of evidence but failed to submit an affidavit in support of said motion.   Dkt. #63.

The defendant Diones Bowens filed a motion seeking suppression of evidence but failed to submit an affidavit in support of said motion.   Dkt. #70.

Thereafter, this Court issued an order as to each above-named defendant that an appropriate affidavit in support of their respective motions to suppress be filed no later than March 29, 2019.   Each of the above-named defendants has failed to file an affidavit as required to support his motion seeking to suppress evidence.

A defendant is entitled to a hearing on a motion to suppress if the defendant's papers raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion.   *United States v. Pena*, 961 F.2d 333, 339 (2d Cir.1992); *see also*, *United States v. Mathurin*, 148 F.3d 68 (2d Cir.1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson*, 837 F.Supp. 570 (S.D.N.Y.1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F.Supp. 682, 685 (S.D.N.Y.1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression); *United States v. Caruso*, 684 F.Supp. 84, 87 (S.D.N.Y.1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented

by the moving papers.").   Indeed, the Court has discretion to deny a hearing where, as here, the defendants' papers fail to create a dispute over a material fact, *see United States v. Caming*, 968 F.2d 232, 236 (2d Cir.1992); where, as here, each defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, *see United States v. Gillette*, 383 F.2d 843, 848 (2d Cir.1967); or where the issue involved is purely one of law, *see United States v. Warren*, 453 F.2d 738, 742–43 (2d Cir.1973).

In the instant case, in the absence of a detailed, factual affidavit of a person with personal knowledge, the bare, conclusory allegations in each defendant's counsel's motion to suppress his statements are wholly insufficient to create a need for an evidentiary hearing.   Since each defendant has failed to "create a dispute over any material fact," there is no requirement that the Court hold a hearing on his motion to suppress.   Because this Court concludes that the defendant has failed to satisfy a threshold requirement for the holding of an evidentiary hearing, this Court finds it unnecessary to address the legal arguments presented by each defendant.   Therefore, it is recommended that each defendant's motion to suppress, or in the alternative for an evidentiary hearing be denied.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).   **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**   *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority."   **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      May 28, 2019
            Buffalo, New York


                                        *S/ H. Kenneth Schroeder, Jr*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**